

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-16-2005

# Tanudjaja v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tanudjaja v. Atty Gen USA" (2005). *2005 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-4737

_____

WIDYA DHARMI TANUDJAJA,

                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the Board of Immigration Appeals
No. A95-150-164

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2005

BEFORE:  SLOVITER, SMITH and STAPLETON,
Circuit Judges

(Opinion Filed December 16, 2005)

_____

STAPLETON, Circuit Judge:

Petitioner Widya Dharmi Tanudjaja is a citizen of Indonesia, and her ethnicity is Chinese. She is a life-long Buddhist. She petitions for review of a BIA decision denying her asylum and withholding of removal.

The BIA adopted and affirmed the decision of the Immigration Judge ("IJ"). We review a BIA's factual finding that a petitioner has failed to carry the burden of proof to qualify for asylum under the substantial evidence test. Under the substantial evidence standard, we may reverse only if we conclude that no reasonable person could fail to find that the petitioner had sustained her burden of proof.

Tanudjaja insists that she has been persecuted in Indonesia in the past because of her religion and her ethnicity and that she will similarly be persecuted if she returns there. With respect to religion, the IJ pointed out that the record provided no evidence that the government of Indonesia persecutes people because of their Buddhist faith or that there has been a pattern involving Islamic extremists targeting Buddhists for persecution.

While the IJ acknowledged that ethnic Chinese have experienced discrimination in Indonesia in the past, she noted that, more recently, there had been significant steps taken

by the government to protect ethnic Chinese. The IJ concluded with record support that while "there are still people who will discriminate against the Chinese, these actions are not condoned by the government." App. at 31.

With respect to the only portion of Tanudjaja's testimony that arguably might support a finding of persecution on ethnicity grounds, her experiences during the riots in May of 1998, the IJ fully credited Tanudjaja's testimony. The IJ pointed out, however, that no government can protect its citizens during civil strife and that the incidents which did occur involving aggression against Chinese during the riots were "certainly not condoned or carried out by the government of Indonesia." App. at 32. The IJ then added that Tanudjaja acknowledged in her testimony that her brother and two sisters who had remained in Indonesia had not experienced any significant problems since the 1998 riots.

The IJ ultimately concluded that, based on Tanudjaja's own testimony, she had failed "to demonstrate that she suffered past persecution in Indonesia on account of her ethnicity or religion or that she would suffer future persecution in Indonesia on account of her ethnicity or religion." App. at 32. The record does not require a contrary conclusion.

The petition for review will be denied.